CLARENCE A. BAHR, PLAINTIFF, v.. O—W COMPANY, DEFENDANT.

Submitted October term, 1927—Decided February 14, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff, *Collins & Corbin.*

For the defendant, *Kellogg & Chance.*

PER CURIAM.

Plaintiff obtained a verdict and defendant has a rule for new trial. Two reasons are advanced for making the rule absolute.

1. That the court erred in refusing defendant's motion for a nonsuit.

2. That the verdict is against the weight of the evidence.

The proofs in the case make it clear that a nonsuit could not have been granted, and the same proofs we think forbid that we should disturb the verdict for the second reason.

The case grew out of a collision between two automobile trucks, the action being to recover damages for injuries to the truck of the plaintiff. To the collision there were but two witnesses, the plaintiff who was driving his own truck and the defendant's chauffeur.

The testimony of the former, if believed by the jury, established that he was proceeding south on Chancellor avenue in

Newark, and that, crossing Stuyvesant avenue (forty feet wide), which intersects Chancellor avenue at right angles, his truck was struck on the right rear wheel by the truck of the defendant; that when he reached the near corner of the two streets he looked in both directions but saw no vehicles approaching; that he proceeded across the intersection at a speed of eleven miles an hour, and that when he had entered the intersection a distance of fifteen feet he observed defendant's truck coming rapidly from his right, but still one hundred feet away; that the collision occurred when the hood of his truck was at the southern crosswalk of Stuyvesant avenue. The account given by defendant's chauffeur, while in many respects at variance with the foregoing, served only to present a question of fact for the jury's determination.

The argument of the defendant that its truck had the right of way under the statute, and hence, that a nonsuit should have been granted, is of no avail under the facts as the jury may well have found them. As then existing (*Pamph. L.* 1915, § 4, *subdiv.* 1, *p.* 289, since couched in different language, *Pamph. L.* 1927, *p.* 460) the statute obliged the driver of a vehicle entering or crossing a street intersection to accord the right of way to one approaching from his right, but this is not to be construed as conferring on the latter a license to violate other provisions of the traffic laws and thereby acquire superior rights. If, when the plaintiff's truck was already fifteen feet within the intersection of the streets the defendant's truck was approaching at a distance of one hundred feet from such intersection, it is obvious that the truck could only reach the crossing by a flagrant violation of the speed law as established for the cities of the state.

The nonsuit was properly refused and the verdict is not against the weight of the evidence.

The rule is therefore discharged.